IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. _CR-117_ |
| v. | ) | |
| | ) | (22 U.S.C. §§ 2778(b)(2) |
| | ) | and 2778(c), 22 C.F.R. §§ |
| ELECTRO-GLASS PRODUCTS | ) | 121.1, 123.1 and 127.1) |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a four-count Indictment against the above-named defendant ELECTRO-GLASS PRODUCTS for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Unlawful Exportation of Defense Articles on or about May 30, 2003 | 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1 and 127.1 |
| Two | Unlawful Exportation of Defense Articles on or about February 11, 2004 | 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1 and 127.1 |
| Three | Unlawful Exportation of Defense Articles on or about April 6, 2004 | 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1 and 127.1 |

| | | |
|---|---|---|
| Four | Unlawful Exportation of Defense Articles on or about August 23, 2004 | 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1 and 127.1 |

## II.  **ELEMENTS OF THE OFFENSES**

A.  As to Counts 1 - 4:

In order for the crime of Unlawful Exportation of Defense Articles, in violation of 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1 and 127.1, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

(1)  The defendant exported, attempted to export or caused to be exported from the United States an article listed on the Munitions List or a technology relating in a significant fashion to an article on the Munitions List;

(2)  The defendant did not obtain a license or written approval for the export from the State Department; and

(3)  The defendant did such acts willfully.

See United States v. Reyes, 270 F.3d 1158, 1169 (7th Cir. 2001); Kuhali v. Reno, 266 F.3d 93, 104 (2d Cir. 2001); United States v. Cheng, 213 F.3d 644 (9th Cir. 2000)(unpublished); United States v. Covarrubias, 94 F.3d 172, 175 (5th Cir. 1996).

### III.  PENALTIES

A.  As to Counts 1 - 4: Unlawful Exportation of Defense Articles (22 U.S.C. §§ 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1 and 127.1). The maximum penalties which could be imposed on the defendant (an organization) are as follows:

1.  A mandatory minimum of one (1) year, but not more than five (5) years probation (18 U.S.C. §§ 3551(c)(1), 3561(c)(1); and

2.  A fine of $1,000,000 (22 U.S.C. § 2778(c)); or

3.  An alternative fine of up to the greater of twice the gross pecuniary gain or twice the gross pecuniary loss resulting from the offense; (18 U.S.C. §§ 3571(c) and (d); 22 U.S.C. § 2778(c)); and

4.  Any or all of the above.

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $400.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(B).

### V.  RESTITUTION

Not applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

*/s/ Shaun Sweeney*
SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568